**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-63-FDW**

| | |
|---|---|
| **JIMMY ALLEN ROBERTS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **FRANK L. PERRY,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 7).

**I.     BACKGROUND**

*Pro se* Plaintiff, who is incarcerated at the Craggy Correctional Center, filed a civil rights suit pursuant to 42 U.S.C. § 1983. He names as the sole Defendant North Carolina Department of Public Safety ("DPS") Secretary of Prisons Frank L. Perry. He argues that Defendant has violated his right to access the courts by depriving him of access to the law library, printer, copier, and/or "persons trained in the law to assist him in litigating the issues shown hereinunder." (Doc. No. 1 at 6). He claims that these violations have prevented him from "bringing these Constitutional violations to final adjudication." (Id.). He claims that he is experiencing "utter deprivation" of access to the courts in that there is no constitutionally sound system-wide program to assure that inmates have access to the courts, and North Carolina Prisoner Legal Services' (NCPLS) sole reason for the deprivation is budget constraint. He argues that providing prisoners access to Westlaw, printer, and copier, is a constitutionally sound and cost-effective means of satisfying

1

inmates' right to access the courts. NCPLS has a vested interest in chilling meritorious claims that would disadvantage the State because a conflict of interests exists between NCPLS and the State that violates the prisoner-client relationship. As a result of these deprivations, he claims that his attempts to litigate three actions have been "estopped." (Doc. No. 1 at 12). They are a State Bar grievance that he sought to have reviewed in the North Carolina appellate courts, (Doc. No. 1 at 13, 40); First Amendment and RLUIPA claims that he asserted in the Wake County Superior Court that were dismissed as frivolous and for which he failed to submit a proper notice of appeal (Doc. No. 1 at 7, 17, 163, 169); and NCPLS's refusal to assist Plaintiff with conditions of confinement cases, which resulted in him missing the opportunity to pursue it on his own behalf.

As relief Plaintiff seeks, *inter alia*, costs; dissolution of NCDPS's contractual relationship with the NCPLS; reallocation of NCPLS's funds to a computer, printer, photocopier, Westlaw including texts relative to prisoners needs and procedural requirements; provisions by prison officials of assistance to prisoners in typing, researching, and preparing legal documents; payment of inmate clerks; and provision of notary services to inmates.

**II. STANDARD OF REVIEW**

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as

true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519 (1972) (a pro se complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

**III. DISCUSSION**

Inmates have a constitutional right to a "reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts" which a state may not abridge or impair. Bounds v. Smith, 430 U.S. 817, 821 (1977); Hudspeth v. Figgins, 584 F.2d 1345, 1347

(4th Cir. 1978). To make out a *prima facie* case of denial of access to the courts, the inmate cannot rely on conclusory allegations; instead, he must identify with specificity an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996). The injury requirement is not satisfied by any type of frustrated legal claim; the prisoner must demonstrate that his nonfrivolous post-conviction or civil rights legal claim has been frustrated or impeded. See Lewis v. Casey, 518 U.S. 343, 353 (1996). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Casey, 518 U.S. at 355.

Plaintiff's allegations are insufficient to demonstrate that he had non-frivolous post-conviction or civil rights claims that were impeded by Defendant Perry. He has identified neither a specific inadequacy of a law library or legal assistance, nor a non-frivolous post-conviction or civil rights claim. He is entitled to constitutionally adequate facilities, not facilities of his choosing or that he deems to be most cost-effective. To the extent that Plaintiff complains of the lack of amenities such as computerized research, notary services, and photocopies, such is "part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981) (addressing "double celling"); see generally Twyman v. Crisp, 584 F.2d 352, 359 (10th Cir. 1978) (it is well settled that "[p]risoners do not have an unlimited right to free postage in connection with the right of access to the courts. Reasonable regulations are necessary to balance the rights of prisoners with budgetary considerations."); Reinholtz v. Campbell, 64 F.Supp.2d 721 (W.D. Tenn. 1999) (plaintiff had "no claim" that lack of access to the prison law library due to the fact that a computerized research system was not installed where he failed to allege that the lack of that system prejudiced him in any way). Plaintiff's allegations are thus insufficient to state a

4

claim for denial of access to the courts.

Plaintiff's allegation that NCPLS is somehow violating attorney-client privilege with inmates it represents through a conflict of interest with NCDPS is wholly conclusory, unsupported, and merits no serious discussion. See generally Denton v. Hernandez, 504 U.S. 25, 33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible...."); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) ("Examples of frivolous claims include those whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'").

Plaintiff has failed to state a facially sufficient claim for relief, and therefore, the Complaint will be dismissed without prejudice.

V.     CONCLUSION

For the reasons stated herein, the Complaint is deficient and subject to dismissal. Plaintiff shall have **fourteen (14) days** in which to file an Amended Complaint in which he may attempt to cure these deficiencies and state a facially sufficient claim for relief. Although Petitioner is appearing *pro se*, he is required to comply with all applicable timeliness and procedural requirements, including the Local Rules of the United States District Court for the Western District of North Carolina and the Federal Rules of Civil Procedure. The Amended Complaint must be on a § 1983 form, which the Court will provide, and it must refer to the instant case number so that it is docketed in the correct case. It must contain a "short and plain statement of the claim" showing that Plaintiff is entitled to relief against each of the defendants. Fed. R. Civ. P. 8(a)(2). The Amended Complaint must contain all claims Plaintiff intends to bring in this action, identify all defendants he intends to sue, and clearly set forth the factual allegations against each of them. Plaintiff may not amend his Complaint by merely adding defendants and claims in a piecemeal

fashion. The Amended Complaint will supersede the original Complaint so that any claims or parties omitted from the Amended Complaint will be waived. See Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001).

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint, (Doc. No. 1), is **DISMISSED** as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

2. Plaintiff shall have **fourteen (14) days** in which to file an Amended Complaint in accordance with this Order and all applicable rules and procedures. If Plaintiff fails to file an Amend Complaint in accordance with this Order, this action will be dismissed and closed without prejudice and without further notice to Plaintiff.

3. The Clerk is directed to mail a copy of a new Section 1983 complaint form to Plaintiff.

Signed: May 17, 2018

Frank D. Whitney
Chief United States District Judge