UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:17-cv-63-FDW

| | |
|---|---|
| JIMMY ALLEN ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FRANK L. PERRY, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Fourth Circuit's remand for further proceedings. See (Doc. Nos. 17, 20). Pending before the Court for consideration are Plaintiff's Letter that is construed as a Motion to Amend, (Doc. No. 18), and his Motion to Enforce, (Doc. No. 19). He is proceeding *in forma pauperis*. (Doc. No. 7).

*Pro se* Plaintiff, who is an inmate at the Franklin Correctional Center, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1). The Court dismissed the Complaint as frivolous on initial review, gave him 14 days to file an Amended Complaint, and granted him an extension of time. (Doc. Nos. 8, 10). Instead of complying, Plaintiff filed an interlocutory appeal. (Doc. No. 11). The Fourth Circuit dismissed the appeal for lack of jurisdiction and remanded for further proceedings. (Doc. No. 17). The mandate was issued on October 10, 2018. (Doc. No. 20).

Plaintiff's Motion to Amend will be granted. Plaintiff may file a proposed Amended Complaint within **twenty-one (21) days** of this Order that contains all claims he intends to bring in this action against all Defendants he intends to sue. Plaintiff is reminded that, despite his *pro se* status, he must comply with all applicable procedures and rules including the Federal Rules of Civil Procedure and the Court's Local Rules. His attention is particularly drawn to Rule 8(a)(2) of

1

the Federal Rules of Civil Procedure, which requires a "short and plain" statement of the claim. Any Amended Complaint will supersede the original Complaint and therefore any Defendants or claims not contained in the Amended Complaint will be waived. Plaintiff's failure to timely file an Amended Complaint that complies with this Order will result in dismissal and closure of this case without further notice to Plaintiff.

In his Motion to Enforce, Plaintiff complains that he has not been granted the assistance of counsel and asks the Court to hold Defendants in contempt. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Notwithstanding Plaintiff's contentions to the contrary, this case does not present exceptional circumstances that justify appointment of counsel. Therefore, to the extent that Plaintiff seeks the appointment of counsel, his Motion will be denied. Plaintiff's request to hold Defendants in contempt is also denied. He has failed to establish that any Defendant has violated a court order. Should Plaintiff seek to assert a claim against Defendants for their alleged actions, he can include it in his Amended Complaint. Plaintiff is cautioned that piecemeal filings will not be permitted and any claim not included in the Amended Complaint will be waived.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Letter, (Doc. No. 18), is construed as a Motion to Amend and is **GRANTED.** Plaintiff shall have **twenty-one** (**21 days)** in which to file an Amended Complaint in accordance with this order and all applicable rules and procedures. If Plaintiff fails to file an Amend Complaint in accordance with this Order, this case will be dismissed and closed without further notice to Plaintiff.

2. Plaintiff's Motion to Enforce, (Doc. No. 19), is **DENIED.**

3. The Clerk of Court is directed to mail a copy of a new Section 1983 complaint form to Plaintiff.

Signed: October 10, 2018

Frank D. Whitney
Chief United States District Judge