# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17-cv-63-FDW

| | |
|---|---|
| JIMMY ALLEN ROBERTS, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )    **ORDER**<br>) |
| FRANK L. PERRY, | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, (Doc. No. 24). Plaintiff is proceeding *in forma pauperis*. See (Doc. No. 7).

## I. BACKGROUND

*Pro se* Plaintiff, who is incarcerated at the Franklin Correctional Center, filed a civil rights suit pursuant to 42 U.S.C. § 1983. The Complaint was dismissed as frivolous and for failure to state a claim on initial review, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). (Doc. No. 8).

The Amended Complaint is now before the Court on initial review. Plaintiff names as Defendants North Carolina Department of Public Safety ("NC DPS") Secretary Frank L. Perry, NC DPS Director Kenneth Lassiter, and North Carolina Prisoner Legal Services ("NCPLS"). Defendants Perry and Lassiter are named in their official capacities and NCPLS is named as a "corporation." (Doc. No. 24 at 2).

Plaintiff alleges that Defendants Perry and Lassiter are "person[s] of authority" with responsibility for exercising state law, and that NCPLS is a corporation responsible for providing legal services to inmates. (Doc. No. 24 at 5).

On June 27, 2016, Plaintiff filed a grievance with the North Carolina State Bar against his

1

appointed attorney in a criminal case, Lisa Dubs. Plaintiff alleged that Dubs suborned perjury by inducing Plaintiff to perjure himself in North Carolina Superior Court by denying he was under the influence prior to pleading guilty in a criminal case, for which Plaintiff alleged that counsel should be convicted of a felony. The Bar denied the grievance because Plaintiff's allegations were insufficient. Plaintiff filed a petition for judicial review of the grievance denial on September 22, 2016. The petition was denied. Plaintiff appealed but he received notification from the state appellate court on December 1, 2016, that his appeal could not be advanced. Plaintiff sought the assistance of NCPLS about the issues in the Bar grievance but was denied assistance.

On February 26, 2016, while housed at the Mountain View Correctional Institution, Plaintiff received a letter from Christopher Rich, dated January 14, 2016, about Plaintiff's inquiry regarding his "White Supremacist" security risk designation. (Doc. No. 24 at 9). Plaintiff filed a grievance and grievance appeals. Plaintiff claimed that DPS officials were liable for substantially burdening his free exercise of religion by placing him as a White Supremacist security risk group ("SRG"). Prison staff tried to force Plaintiff to modify his beliefs in a manner that offended his conscience and/or to abandon his beliefs. The SRG designation requires prison officials to shake down inmates each week, which is for the purpose of harassment and to prevent inmates from receiving and sharing religious literature, which violates the First Amendment and RLUIPA. Plaintiff made futile efforts to obtain adequate assistance from people trained in the law to challenge the unconstitutional conditions of his confinement. On July 21, 2016, Plaintiff filed a Petition for Judicial Review under the Administrative Procedures Act ("APA") charging that Grievance Examiner Jonnita Baker had violated NC statutes by deliberately neglecting to "convene a fact finding hearing to consider the issues presented for investigation." (Doc. No. 24 at 12).

On March 16, 2016, while Plaintiff was at Mountain View C.I., Officer Derek Price confiscated nine religious publications from Plaintiff. They were not returned so Plaintiff filed a grievance on March 31, 2016, alleging that Officer Price violated NC statutes, the First Amendment, and RLUIPA by confiscating properly-approved religious literature without providing Plaintiff with a due process hearing. On April 20, 2016, Plaintiff received a letter from author/publishes Lawrence Blanchard that some religious books had been sent to Plaintiff but were returned to sender by mailroom staff Lynn Ollis marked "refused" and "contents not allowed." (Doc. No. 24 at 14). Plaintiff sent request forms to Ollis and Slagle on April 25, 2016, asking why he was not notified of the refusal and provided the opportunity to appeal. Ollis returned the request form changing her story to: "The package came already open, we have no idea of everything that was placed in the package arrived. So it was sent back." (Doc. No. 24 at 15). Ollis failed to explain why Plaintiff was not notified and given the opportunity to appeal. Plaintiff received a response from Blanchard on April 30, 2016, stating "It was obvious to me that the mailroom staff deliberately ripped it [the package] open and is commensurate with the message written on it. They ripped it open to view the contents and when they saw the contents [religious books] they wrote this note and put it in the plastic bag and returned it to me." (Doc. No. 24 at 15). Plaintiff requested legal assistance and, on May 20, 2016, received a letter from NCPLS stating that NCPLS is no longer funded to evaluate individual inmates' claims regarding their conditions of confinement. Plaintiff mailed a letter to Perry on April 26, 2016, notifying him of Ollis' abuses and, on May 8, 2016, he filed a grievance.

On August 3, 2016, Plaintiff received a letter from NCPLS again stating that it would not be able to assist him and, on August 9, 2016, he received an Order from Judge Donald Stephens dismissing the three claims presented in the petition for judicial review. Plaintiff appealed but

received a letter from the NC appeals court informing him that the document did not contain the requisite items for a record on appeal.

On February 10, 2017, Plaintiff filed a grievance against Defendant Perry and NCPLS for depriving him of adequate access to a law library and persons trained in the law. The grievance was rejected for exceeding the 90-day time limit.

On August 1, 2016, inmate Dennis Howell approached Plaintiff asking for help obtaining needed medical attention. Howell is indigent and functionally illiterate. On August 9, 2016, Plaintiff was found with a petition that Plaintiff had drafted with inmate Howell's documents. Plaintiff was charged with assisting inmate Howell with legal work in violation of DAC Policy Chapter G, Section .0204. Plaintiff pleaded guilty and was charged $10. This charge and conviction violated the Fourteenth Amendment because the state was not providing a reasonable alternative to inmate assistance in preparing petitions for post-conviction relief or civil rights actions. Plaintiff wrote to NCPLS requesting assistance in this matter on August 14, 2016, and he received a letter denying his request on September 30, 2016. Plaintiff received more letters from NCPLS on September 30, 2016, October 10, 2016, and November 15, 2016.

Plaintiff filed a grievance on November 20, 2016, which was denied for exceeding the 90-day limit, which deprived him of an opportunity to exhaust his remedies.

Plaintiff alleges that Defendants Perry, Lassiter, and NCPLS's failure to provide him with assistance from a person trained in the law to present his claims for legal review violated his fundamental constitutional right to access to the courts. He claims that denial of access to legal texts, instructional literature, annotated rules of appellate procedure, the APA, persons skilled in the use of a computer printer, and access to a photocopier violated his right to access the courts. Had Defendant Perry and NCPLS provided Plaintiff adequate access to a law library and persons

trained in the law, he would have "successfully availed himself of the foregoing claims." (Doc. No. 24 at 21). He alleges that Defendant Lassiter was personally involved in and responsible for conceiving and developing the policies and procedures that effectively denied Plaintiff his right to adequate access to a law library. Specifically, NC DPS Policy & Procedures Chapter G, Section .0203 states that "The Department will not provide typewriters nor photocopy services for the purpose of legal documents" and "Because the Department is providing meaningful access to the courts through assistance of contracted attorneys to provide legal advice, the Department will not also provide law libraries, legal texts, or other legal materials." (Doc. No. 24 at 23). Pursuant to Section .0204, "The primary method of offender access to the courts is through the attorney assistance program as established by the Department under the contract as specified in the Prisons G .0201. Offenders indicating a desire to seek legal assistance should be told to contact the legal services contractor." (Doc. No. 24 at 23). Lassiter failed to take corrective action to prevent predictable violations in his area of responsibility. According to Department of Adult Corrections ("DAC") Policy and Procedure Chapter G, Section .0201, Defendant Perry, as Secretary, is personally responsible and liable for establishing the contracted services with NCPLS to provide Plaintiff with adequate access to law libraries or persons trained in the law to assist Plaintiff in preparing and filing the petitions for judicial review and record on appeal. Perry's responsibilities include assuring that NCPLS performs as required by the contract pursuant to <u>Bounds v. Smith</u>, 430 U.S. 828 (1977). Defendants Perry and Lassiter are liable for their negligence in failing to ensure that NCPLS performed their contractual responsibilities and provided Plaintiff with adequate access to a law library or to persons trained in the law. Perry and Lassiter were adequately informed of the violations through Plaintiff's grievances and letters.

All NCPLS was willing to provide Plaintiff were blank forms. DPS does not provide

inmates with access to law libraries, legal texts, research materials, photocopier, or typewriter. DAC and Defendants agreed to contract with attorneys to provide offenders with access to the courts. The Attorney Assistance Program is supposed to provide meaningful access to the courts to each inmate requesting assistance. NCPLS has responded to inmates seeking assistance in civil rights cases for at least the past six years with form letters stating they do not provide these services. NCPLS also does not provide access to law libraries, research materials, case law, or photocopying. Defendants Perry and Lassiter have enacted DPS policy Chapter G, Section .0209 effectively preventing inmates from assisting each other in legal matters. As a result, North Carolina inmates including Plaintiff are being deprived of the ability and opportunity to challenge conditions of their confinement and/or to make post-conviction challenges.

Plaintiff seeks injunctive relief, filing fees, and all other relief available to Plaintiff.

**II.     STANDARD OF REVIEW**

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of

Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519 (1972) (a pro se complaint, however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

### III. DISCUSSION

**(1)** **Individuals Not Named as Defendants**

The Federal Rules of Civil Procedure provide that, "[i]n the complaint the title of the action shall include the names of all the parties." Fed. R. Civ. P. 10(a); see Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."). Although *pro se* litigants are entitled to have their pleadings liberally construed, Haines, 404 U.S. at 520, "[d]istrict judges have no obligation to act as counsel

7

or paralegal to pro se litigants," Pliler v. Ford, 542 U.S. 225 (2004).

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a). This failure renders Plaintiff's allegations against them nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). These claims will therefore be dismissed without prejudice.

**(2)    Claims on Behalf of Others**

Plaintiff attempts to present claims on behalf of others. However, his status as a *pro se* prisoner precludes him from making claims on behalf of others. See Hummer v. Dalton, 657 F.2d 621, 635-26 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); see also Oxendine v. Williams, 509 F.2d 1405 (4th Cir. 1975) ("it is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.").

Therefore, to the extent the Amended Complaint seeks relief on behalf of individuals other than Plaintiff, these claims are dismissed.

**(3)    NCPLS**

To state a claim under § 1983, a plaintiff must allege that she was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). The color of law requirement "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Id. at 50 (internal quotations omitted). In rare cases, the state can "so dominate[] [private] activity as to convert it to state action." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 181 (4th Cir. 2009). To satisfy the state action requirement, a plaintiff must demonstrate that the conduct at issue is "fairly attributable to the State." Lugar v. Edmondson Oil

Co., 457 U.S. 922, 937 (1982); DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999). Conduct is fairly attributable to the state where: (1) it is "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible;" and (2) where the party charged with the deprivation is a person who may "fairly be said to be a state actor." Sullivan, 526 U.S. at 50. "Without state action, [plaintiff] has no § 1983 claim." Thomas v. Salvation Army So. Terr., 841 F.3d 632, 637 (4th Cir. 2016) (affirming dismissal pursuant to § 1915(e)(2)(B)(ii) where plaintiff did not allege any facts that even remotely suggested that defendants' actions were attributable to the state).

Plaintiff alleges in the Amended Complaint that NCPLS used to have a contract with NC DPS to provide inmates with legal services, but that this contract has expired. Therefore, he has failed to allege that NCPLS's actions are fairly attributable to the state, and the claims against it are therefore dismissed.

**(4)** **Access to Courts**

Inmates have a constitutional right to a "reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts" which a state may not abridge or impair. Bounds v. Smith, 430 U.S. 817, 821 (1977); Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978). To make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; instead, he must identify with specificity an actual injury resulting from official conduct. Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996). The injury requirement is not satisfied by any type of frustrated legal claim; the prisoner must demonstrate that his nonfrivolous post-conviction or civil rights legal claim has been frustrated or impeded. See Lewis v. Casey, 518 U.S. 343, 353 (1996). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."

9

Casey, 518 U.S. at 355.

Plaintiff's allegation that DPS policies deprived him of the opportunity to challenge state criminal counsel's effectiveness before the state Bar fails to state a § 1983 claim. A Bar complaint is not a post-conviction or civil rights proceeding. Therefore, Plaintiff's alleged inability to appeal the denial of the Bar complaint fails to state a claim for violation of access to the courts.

Plaintiff further alleges that Defendants Perry and Lassiter's policies prevented him from appealing claims about the conditions of his confinement, specifically, his SRG classification and the confiscation of his religious publications without due process. These claims that he was unable to appeal non-frivolous claims about the conditions of his confinement are sufficient to proceed against Defendants Lassiter and Perry.

**(5)     Prison Discipline**

Prisoners retain rights under the Due Process Clause, but prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citing Morrissey v. Brewer, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where an inmate faces the possible loss of diminution credits or solitary confinement, he is entitled to certain due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary

10

hearing involves complex issues; and (5) an impartial decision-maker. See Wolff, 418 U.S. at 564-71. There is no constitutional right to confront and cross-examine witnesses or to retain and be appointed counsel. See Baxter v. Palmigiano, 425 U.S. 308, 322 (1976); Brown v. Braxton, 373 F.3d 501, 505-06 (4th Cir. 2004). As long as the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied. See Baxter, 425 U.S. at 323 n.5. Moreover, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985). Federal courts do not review the correctness of a disciplinary hearing officer's findings of fact. See Kelly v. Cooper, 502 F. Supp. 1371, 1376 (E.D. Va. 1980). The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious. See Hill, 472 U.S. at 456; see also Baker v. Lyles, 904 F.2d 925, 933 (4th Cir. 1990). A claim for declaratory relief and money damages based on allegations of deceit and bias on the part of state officials involved in disciplinary proceedings that necessarily imply the invalidity of the punishment imposed is not cognizable under § 1983. Edwards v. Balisok, 520 U.S. 641 (1997).

Plaintiff alleges that he pled guilty to a disciplinary infraction because he was caught trying to help another inmate with a civil rights claim. Plaintiff does not allege that he was denied procedural due process and he admits that he pled guilty to the infraction. His present challenge to the disciplinary fraction would necessarily imply its invalidity. Therefore, to the extent that Plaintiff either attempts to obtain relief on behalf of the other inmate, or attempts to challenge the validity of his disciplinary infraction to which he admitted guilt, the claim cannot proceed at this time. See Edwards, 520 U.S. at 641; Section (2), *supra*.

**V.      CONCLUSION**

For the reasons stated herein, the Amended Complaint will be permitted to proceed against Defendants Lassiter and Perry on Plaintiff's claims of denial of access to the courts regarding Plaintiff's SRG designation and confiscation of religious publications without due process. The remining claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's claim that he was denied access to the courts will proceed against Defendants **Lassiter** and **Perry** for denial of access to the courts regarding his SRG designation and confiscation of religious publications.

2. The remaining claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. **IT IS FURTHER ORDERED THAT** the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendants Lassiter and Perry, who are current or former employees of NC DPS.

Signed: December 3, 2018

Frank D. Whitney
Chief United States District Judge