# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:17-cv-63-FDW

| | |
|---|---|
| JIMMY ALLEN ROBERTS, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| FRANK L. PERRY, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's Motion for Reconsideration, (Doc. No. 28), of the Court's Order on initial review. See (Doc. No. 25).

Plaintiff seeks reconsideration of the Court's dismissal of his claims on initial review against North Carolina Prisoner Legal Services ("NCPLS"). A party may file a Rule 59(e) motion to alter or amend no later than 28 days after the entry of a judgment. Fed. R. Civ. P. 59(e). Such a motion may only be granted: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice. Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002); see Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012). "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Hill, 277 F.3d at 708. The circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

1

Plaintiff argues, *inter alia*, that the Court should not have dismissed his claims against NCPLS on the grounds that it was not named as a Defendant because NCPLS was listed in the caption of the Amended Complaint. He argues that NCPLS is a "person" for purposes of 42 U.S.C. § 1983 because it is a private corporation that provides legal services to prisoners. He also argues that the Court misinterpreted the Amended Complaint in several ways.

Plaintiff's argument that the Court dismissed NCPLS because it was not named as a Defendant is incorrect. The Court acknowledged that Plaintiff listed NCPLS as a Defendant and separately addressed the sufficiency of Plaintiff's allegations against NCPLS. See (Doc. No. 25 at 7-8).

Plaintiff's contention that the Court misconstrued his arguments is insufficient to warrant reconsideration. The Court screened the Amended Complaint by liberally construing Plaintiff's allegations. If Plaintiff wishes to file new or different claims and/or make changes to the named Defendants, he must seek leave to file a Second Amended Complaint which would be subject to all procedural and timeliness requirements. See Fed. R. Civ. P. 8, 15.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Reconsideration, (Doc. No. 28), is **DENIED** for the reasons set forth in this Order.

Signed: February 1, 2019

Frank D. Whitney
Chief United States District Judge